IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:11-2134-CMC |
| v. | **OPINION and ORDER** |
| KEVIN BOOKMAN<br>a/k/a "Kevin Richardson"<br>a/k/a "KB"<br>CECIL MARQUISE GRIMES<br>a/k/a "Five G"<br>MICHAEL WAYNE HOLLOWAY<br>a/k/a "Stocks"<br>TYRUS JACKIE HOWARD<br>a/k/a "T-Supreme"<br>a/k/a "T"<br>KEVIN JOHNSON<br>a/k/a "Kizzle"<br>PHILLIP OMAR ROBINSON<br>JASON LUNDEES WASHINGTON<br>a/k/a "Cat,"<br>DEMITRAIN LETROY BOYD<br>a/k/a "Freak"<br>CORY BERNARD WRIGHT,<br>a/k/a "CJ,"<br><br>Defendants. | |

This matter is before the court regarding potential disclosure of certain portions of the Presentence Report (PSR) of Defendant Kevin Bookman, a/k/a "Kevin Richardson," a/k/a "KB," to certain defense counsel in this case.

Defendant Bookman is a potential Government witness in the sentencings of Defendants Tyrus Jackie Howard, Kevin Johnson, Jason Lundees Washington, and Cory Bernard Wright. Bookman, through his attorney, submitted objections to the United States Probation Office pursuant

1

to Federal Rule of Criminal Procedure 32(f), which counsel indicated were "verbatim" objections submitted by Defendant Bookman. The Probation Officer prepared responses to the objections, and the matter was set for sentencing before the undersigned.

The court finds that the "verbatim" objections may constitute material under *Brady v. Maryland*, 373 U.S. 83 (1963), which should be disclosed to certain Defendants in this case who have yet to be sentenced.

The court finds that based upon its review of the PSR prior to Defendant Bookman's sentencing, Defendant Bookman's objections to sections of the PSR and the relevant underlying sections may reveal impeachment evidence which may be favorable and material to these Defendants at sentencing. *See United States v. Trevino*, 89 F.3d 187, 192-93 (4th Cir. 1996). In making this determination, the court has considered whether the material is available from other sources (it is not) and whether Defendant Bookman will be effectively impeached without its disclosure (not as to these issues). *Id*. at 193 n.6. Therefore, the court finds that Defendant Bookman's Objections to the PSR, submitted in the form of the letter written by counsel dated April 18, 2012, as well as Paragraphs 14 through 36, and 48-49 of Defendant Bookman's PSR, and the PSR's Addendum (which contains the objections and Probation Officer's responses thereto) should be disclosed to defense counsel for the above-listed Defendants.

Accordingly, the United States Probation Office is directed to provide a copy of the above-noted sections of Defendant Bookman's PSR to counsel for Defendants Howard, Johnson, Washington, and Wright. Counsel may review this material with their respective clients, but copies of the material must be retained by counsel. This material may not be used in relation to any proceeding other than the sentencing of the Defendants in this case.

Counsel for Defendants Grimes, Holloway, Robinson, or Boyd may petition this court for release of this material for use at sentencing if he or she believes that this information may be relevant to his or her client's sentencing.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 26, 2012