IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-2134-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Kevin Richardson, a/k/a "Kevin Bookman," | ) | |
| | ) | |
| Defendant. | ) | |
| ___________________________________ | ) | |

Defendant, proceeding *pro se*, seeks post-conviction relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises several claims for relief which allege ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a motion for discovery (ECF No. 467) and to supplement the record (ECF No. 493), and has responded to the Government's motion.

**I. BACKGROUND**

In 2011, Defendant was indicted in this District together with eight co-defendants for his role in a wide-ranging drug distribution conspiracy. On January 26, 2012, Defendant appeared with counsel and after a thorough Rule 11 hearing, entered a guilty plea pursuant to a written plea agreement to Count One of the Superseding Indictment, conspiracy to distribute in excess of five (5) kilograms of cocaine and 280 grams of "crack" cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).

In preparation for sentencing, a Presentence Report (PSR) was prepared by the United States Probation Office. Defendant, through counsel, submitted a variety of objections to the PSR. On April 26, 2012, Defendant and his plea counsel moved for appointment of new counsel. After an

*in camera* hearing, Defendant 's plea counsel was relieved from representation of Defendant and new counsel was appointed.

Sentencing counsel reviewed Defendant's objections with Defendant and a revised PSR was thereafter issued, to which there were no objections. On June 20, 2012, Defendant appeared with counsel for sentencing. Defendant acknowledged on the record there were no objections to the revised PSR. The Government moved for a reduction of sentence under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The court granted the Government's motion, and Defendant, who had been facing a statutory mandatory minimum sentence of life imprisonment, was sentenced to 212 months' imprisonment. Defendant did not appeal his conviction or sentence.

On June 5, 2013, the Clerk received the Defendant's motion for relief under 28 U.S.C. § 2255.[1] On June 27 and August 9, 2013, the Clerk received Defendant's motions to amend, setting out additional grounds for relief. ECF Nos. 461 & 466.[2] These motions were granted and the Government responded to them in its summary judgment filing. On October 23, 2013, the Clerk received Defendant's motion to supplement the record. ECF No. 493.[3]

## II. STANDARD – INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends he received constitutionally ineffective assistance of counsel both prior to entry of his guilty plea, at sentencing, and in relation to allegedly defective advice regarding the filing of an appeal. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant

---

[1]Defendant's motion was given to prison authorities June 4, 2013. It is therefore deemed filed as of that date. *Houston v. Lack*, 487 U.S. 266 (1988).

[2]Defendant's motion for discovery was also filed August 9, 2013. ECF No. 467.

[3]This motion is **granted** and the court has considered the material submitted by Defendant in its analysis of Defendant's motion.

must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The same two-part test applies in the context of cases in which a defendant entered a guilty plea. To establish prejudice in a case where a defendant entered a guilty plea, Defendant must show that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An individual "must convince the court" that such a decision "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). A determination of the probability of what Defendant would have done but for counsel's alleged errors involves an objective analysis of the totality of the circumstances, including an evaluation of the strength of the Government's case. "[W]hat matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). "The added uncertainty that results when there is no extended formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance." *Premo v. Moore*, 562 U.S.___, 131 S. Ct. 733, 745 (2011).

## III. DISCUSSION

### A. FAILURE TO INVESTIGATE/PROPERLY ADVISE

Defendant first contends counsel was ineffective in failing to interview two defense witnesses who Defendant asserts would have provided evidence of his withdrawal from the

conspiracy in 2005.[4] Defendant also maintains that counsel failed to properly advise him regarding the viability of a withdrawal defense. Defendant maintains counsel's actions "induced" his guilty plea, *see* Memo. in Support at 2 (ECF No. 450-1), and that counsel's alleged ineffectiveness rendered his guilty plea uninformed and involuntary.

Defendant maintains that prior to his guilty plea, he told counsel of two individuals, Trevais Tucker and Marko Marshall, who were present in 2005 when Defendant allegedly declared to these individuals that he was no longer involved in the drug trade. Defendant indicates he informed counsel that they would testify to his statement if called as witnesses at trial. Defendant contends counsel thereafter told him he had contacted these individuals and they had not provided useful information. Defendant asserts that counsel then told him that without supporting evidence, the affirmative defense of withdrawal from the conspiracy was not viable. Defendant asserts that this information provided by counsel "induced" him to plead guilty.

In support of his motion, Defendant presents affidavits from the above-noted individuals who declare, under pain and penalty of perjury, that they were not contacted by counsel and that if they had been contacted, they would have told counsel that Defendant told them in 2005 that he was no longer involved in drug trafficking. *See* Aff. of Trevais Tucker (ECF No. 450-3) & Aff. of Marko Marshall (ECF No. 450-4).

The Government argues Defendant's acknowledgment of guilt and other averments at his Rule 11 hearing preclude his contentions to the contrary in this § 2255 motion.[5] The Government

---

[4]The Superseding Indictment charged that the conspiracy began at a time unknown to the grand jury but "at least in or around 2006 . . . ." ECF No. 153.

[5]The Government summarized the evidence against Defendant as follows: that information provided through proffer interviews of approximately seven cooperating defendants revealed that Defendant started dealing "crack" cocaine with them as early as the mid-1990's, had left the group for some period in the early 2000's, and had resumed dealing drugs with his

also maintains that even if counsel failed to contact these individuals, Defendant cannot establish prejudice resulting from counsel's alleged ineffectiveness.

"When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004). The "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, a defendant who has pled guilty "has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea," *Bundy*, 392 F.3d at 644-45, or the government's "power to bring any indictment at all," *United States v. Broce*, 488 U.S. 563, 575 (1989).[6] *See also United States v. Bluso*, 519 F.2d 473, 474 (4th Cir. 1975) ("A guilty plea is normally understood as a lid on the box, whatever is in it, not a platform from which to explore further possibilities.").

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the

---

co-conspirators around 2005 or 2006. The court summarized the evidence in addressing Defendant directly:

> [The prosecutor] says that during this time period you were involved with Mr. Bennett and then Mr. Marshall and then Mr. Johnson, and that during that time period you were getting cocaine from them and distributing it. The indictment says that it was five kilograms or more of cocaine and 280 grams or more of crack cocaine. So do you agree or disagree with what he says you did during the time period?

Ch. of Plea Hrg. Tr. at 38-39 (ECF No.460). Defendant responded: "I agree, your Honor." *Id.* at 39.

[6]A jurisdictional challenge contests "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998). "This latter concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations and quotation marks omitted). To assess the knowing and voluntary nature of a guilty plea, courts look to the totality of the circumstances surrounding the guilty plea, *Brady v. United States*, 397 U.S. 742, 749 (1970), granting the defendant's solemn declaration of guilt a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976) (plurality opinion). The Constitution requires that the record reflect the defendant was informed of all of the direct consequences of his plea. *Brady v. United States*, 397 U.S. at 755.[7]

Counsel does not indicate Defendant told him of these individuals and that he contacted them. *See* Aff. of I.S. Leevy Johnson (ECF No. 475-5). Accordingly, assuming, for purposes of this motion only, that counsel was ineffective in failing to contact these individuals, to prevail on this claim for relief, Defendant must also establish prejudice resulted from counsel's ineffectiveness (thereby rendering his guilty plea unknowing). As the alleged error was a failure to contact witnesses who Defendant contends would have provided testimony as to Defendant's 2005 statement, their availability would presumably affect whether counsel properly advised Defendant of a potential affirmative defense of withdrawal. As to an affirmative defense, "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, *supra*, 474 U.S. at 59. Therefore, the court examines whether Defendant has presented evidence which would establish the affirmative defense such that it "would require the court to present the defense to the jury and [ ] likely persuade the jury." *United States v. Mooney*, 497 F.3d 397, 408 (4th Cir. 2007) (discussing the affirmative defense of justification).

Once a conspiracy is established, it is presumed to continue unless or until the defendant

---

[7]The Supreme Court recently held that the Sixth Amendment also requires that a non-citizen defendant also be advised of certain collateral consequences of the entry of a guilty plea. *Padilla v. Kentucky*, 559 U.S. 356 (2010).

shows that it was terminated or that he withdrew from it. *United States v. Green*, 599 F.3d 360, 369 (4th Cir. 2010). A mere cessation of activity in furtherance of the conspiracy is not sufficient. *Id*. The defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach his coconspirators. *Id*. The burden of proving withdrawal rests on the defendant. *Id*. *See also Smith v. United States*, 568 U.S. __, 133 S. Ct. 714, 719-20 (2013).

Trevais Tucker's (Tucker) affidavit establishes, at most, that in 2005, Defendant's activity may have ceased for a time. This affidavit does not establish Defendant never rejoined the conspiracy.

Marko Marshall (Marshall) was a defendant in a separate federal prosecution in 2009.[8] In January 2010, Marshall gave a proffer statement to FBI Special Agent Michael Stansbury indicating Defendant rejoined the drug distribution conspiracy in 2007. Additionally, on February 1, 2011, this court received a letter from Marshall wherein he sought a reduction of sentence under Rule 35. Marshall indicated that he was entitled to a reduction in sentence because he had reached an agreement "to assist the Government with information on . . . Kevin [Richardson]" and that Marshall "did in fact fulfill[ this] obligation . . . ." Mot. to Compel at 1, *United States v. Marshall*, D.S.C. Cr. No. 3:09-826 (ECF No. 912, filed Feb. 2, 2011).[9]

If counsel had interviewed Marshall in 2011 and Marshall had provided the information he presents in the current affidavit, it would have contradicted information he previously had provided

---

[8]*See United States v. Marco Marshall*, D.S.C. Cr. No. 3:09-826. Marshall's first name is spelled either "Marco" or "Marko" in court filings.

[9]This court may take judicial notice of other judicial proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (district court may take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

to the Government and to this court. Therefore, the averments presented in Marshall's current affidavit would only be useful as impeachment information should Marshall have been called as a witness at trial by the Government.[10]

As noted by the Government in its response, Tucker and Marshall were not the only witnesses against Defendant. Additionally, the Government had a variety of other evidence of Defendant's entry into and continued involvement in the drug distribution conspiracy, including his materials evidencing his continued involvement in the drug trade. *See* Mem. in Supp. at 14 (ECF No. 475-1, filed Aug. 30, 2013) & PSR at ¶ 16 (defendant arrested in 2007 after traffic stop with marijuana, cocaine, scale in trunk of car); ¶ 22 ("crack" cocaine discovered in hidden panel of driver's door of vehicle which Defendant was driving after officers observed Defendant "place[] an item in the door area . . . ."); ¶ 23 (during search of Defendant's residence on valid search warrant, drug-detecting canine alerted on several areas, including living room, upper and lower landings of stairwell, and bedroom).

In response to the Government's summary judgment motion, Defendant presents a variety of arguments relating to purported infirmities in the Government's evidence against him, contending that the evidence at most supports the inference of a buyer-seller relationship between Defendant and Marshall, and that the Government's proof of conspiracy consisted only of inadmissible hearsay statements. *See* ECF No. 486 at 5-6.

These arguments are rejected. An examination of the affidavits of Tucker and Marshall and the record reveals there would not have been enough evidence that "would require the court to present the defense [of withdrawal] to the jury and would likely persuade the jury." *Mooney*, 497

---

[10]As noted by the Government, the inconsistencies in Marshall's statements would likely have resulted in him not being called as a witness at trial for Defendant.

F.3d at 408.[11]

Defendant contends counsel's alleged ineffectiveness "rendered [Defendant's] guilty plea unknowing and unintelligent." Mot. in Opp. to Summ. J. at 4 (ECF No. 486). However, as noted above, Defendant cannot establish prejudice resulting from any ineffectiveness. Accordingly, the Government is entitled to summary judgment[12] as to Plaintiff's first claim for relief and it is dismissed with prejudice.

[11]Defendant seeks to discredit other witnesses against him by pointing to Reginald Bennett's period of incarceration between March 2003 and January 2005. However, as noted in the PSR, none of the drugs attributed to Defendant by Reginald Bennett were assessed against Defendant based upon the dates of Reginald Bennett's incarceration.

Defendant also produces an affidavit of Lloyd Bennett indicating that he (Bennett) "misidentified [Defendant] as apart [sic] of group transactions between 1/2008-2009, that he was not apart [sic] of." Aff. of Lloyd T. Bennett at ¶ 4 (ECF No. 486-2). Bennett also attests he "was not contacted by anyone acting on [Defendant's] behalf to ascertain whether I could provide favorable testimony" relating to Defendant's involvement in the conspiracy. *Id.* This averment is of the same value as Marshall's affidavit, as in May 2010, Bennett had participated in a proffer interview with Agent Stansbury during which he provided extensive information relating to Defendant's involvement in the conspiracy. *See* PSR ¶¶ 24-26. Additionally, if true, the fact that Bennett "misidentified" Defendant as a participant in certain "group transactions" does not preclude Defendant being a member of the conspiracy. Moreover, Bennett is not identified in Defendant's initial § 2255 motion as an individual identified to counsel as supportive of Defendant's claim of having withdrawn from the conspiracy. Accordingly, counsel would have had no reason to contact Bennett, particularly as he had been identified as a witness against Defendant.

[12]The Government argues in part that Defendant procedurally defaulted "all current claims by failing to raise them on appeal." Mem. in Support at 4 (ECF No. 475-1). Typically, motion for relief under § 2555 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). However, claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

**B. REJECTION OF MORE FAVORABLE PLEA AGREEMENT**

Defendant next asserts the Government offered a plea agreement which called for his "plea to the indictment and cooperation. In exchange, the Government would be withdrawing one of the prior convictions [noted in Government's Information filed pursuant to 21 U.S.C. § 851] and moving for a downward departure under U.S.S.G. § 5K1.1." ECF No. 450-1 at 6. Defendant argues counsel advised him to delay acceptance of this supposed plea offer "so that [counsel] could negotiate a lower plea offer without any § 851 enhancement or a lower statutory penalty range." *Id.* Defendant maintains counsel informed him that the plea agreement which the Government was offering would expose Defendant to a mandatory minimum sentence of twenty (20) years' imprisonment and that this incarceration period could "further be reduced upon the Government's satisfaction with his cooperation." *Id.* Defendant maintains counsel's advice to delay accepting the alleged plea agreement resulted in the expiration of this offer.

Assistant United States Attorney J.D. Rowell (Rowell) prosecuted this matter on behalf of the Government. Rowell attests the only offer presented to Defendant and his counsel was the offer accepted by Defendant in January 2012. *See* Aff. of J.D. Rowell at ¶ 10 (ECF No. 475-2).[13] *See also* Aff. of I.S. Leevy Johnson at 2 (ECF No. 475-5) ("The defendant also claims that the Government gave him a more favorable Plea offer. This is absolutely untrue. No offer was made except the one Richardson pled to.").

Even assuming, for purposes of this motion only, that a more favorable plea agreement was offered and that counsel was ineffective in advising Defendant to delay in accepting it, Defendant cannot establish resulting prejudice. Defendant was sentenced to 212 months' imprisonment, a term

[13]Defendant signed the agreement on January 19, 2012. Rowell did not sign the plea agreement until January 24, 2012. Therefore, this is the date the parties entered into the agreement.

below the 240 months' imprisonment he contends was offered to him. Therefore, as Defendant cannot establish any prejudice resulting from this alleged failure of counsel, the Government is entitled to summary judgment on this claim for relief, and it is dismissed with prejudice.

**C. INEFFECTIVE COUNSEL AT SENTENCING**

Defendant argues he received ineffective assistance at sentencing when counsel failed to object to the use of a 2010 drug conviction as a "prior" conviction under 21 U.S.C. § 841(b)(1)(B). The Government contends the conviction was properly used to enhance Defendant's sentence, citing *United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997).

Even assuming, for purposes of this motion, that the conviction should not have been used as a prior conviction for purposes of establishing the statutory penalty for Defendant's offense, Defendant cannot establish prejudice resulting from any ineffectiveness. Even discounting this conviction, Defendant still had two (2) qualifying prior felony drug convictions which exposed him to a statutory mandatory minimum sentence of life imprisonment.

Accordingly, the Government is entitled to summary judgment on this claim, and it is dismissed with prejudice.

**D. MISADVICE AND FAILURE TO FILE NOTICE OF APPEAL**

Defendant asserts counsel was ineffective regarding advice given relating to filing a notice of appeal. Defendant contends he informed counsel he wished to appeal his sentence "as it was based on the use of his prior convictions which failed to reflect 'recidivism'" and that "his sentence was [based on] a defect in the [R]ule 11 proceeding." ECF No. 450-1 at 9. Defendant maintains counsel advised him not to file an appeal because "it would make the Government refuse to move for a reduced sentence" under Rule 35, and an appeal would "complicate" Defendant's ability to receive a "further reduced sentence." *Id*. at 10. Accordingly, Defendant did not direct counsel to

file an appeal, and Defendant executed a written form indicating that he did not wish to file an appeal. *See* ECF No. 455 (filed June 11, 2013). Defendant argues counsel's advice and his execution of the form "deprived [Defendant] of his right to file a direct appeal." ECF No. 450-1 at 10.

Defendant's claim is without merit. Defendant's assertions regarding sentencing error are baseless, and Defendant provides no information about any alleged "defect" in the Rule 11 hearing. Additionally, Defendant was specifically advised at sentencing that even though his plea agreement contained an appeal waiver,[14] if Defendant wished to appeal and "you and [counsel] disagree about whether an appeal should be filed, you may file your own appeal, but it must be submitted in writing to this court within [fourteen days of the entry of judgment]. . . . Do you understand [this] right?" Sentencing Hrg. Tr. at 40 (ECF No. 459). Defendant responded, "Yes, Your Honor." *Id*. at 41. Defendant was aware that he had a right to file an appeal, with or without the assistance of counsel. Counsel's advice, and even his execution of the written form, did not therefore "deprive" him of his right to appeal.

Defendant also argues counsel's advice deprived him of the right to make an informed choice about whether to appeal, citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). However, Defendant presents no argument or evidence to establish counsel's advice was faulty or that an appeal would have had any success. To the contrary, it appears counsel's advice was sound legal advice based upon the parameters of Defendant's waiver of a direct appeal in his plea agreement and Defendant's hope to earn a further reduction in sentence under Rule 35.

Defendant has failed to establish counsel's ineffectiveness regarding the filing of a direct

[14]By the parties' agreement, if Defendant had received a life sentence, the waiver would be ineffective and Defendant would retain the right to file a direct appeal. However, because Defendant received a sentence of 212 months' imprisonment, the waiver was binding.

appeal. The Government is entitled to summary judgment on this claim and it is dismissed with prejudice.

**E. FAILURE TO OBJECT/BREACH OF PLEA AGREEMENT**

Defendant contends counsel was ineffective at sentencing in failing to argue a breach of the parties' plea agreement. Defendant maintains the PSR contained information relating to drug weights which, according to Defendant, came from Defendant's proffer interview. *See* ECF No. 450-1 at 11. Additionally, Defendant argues counsel was ineffective in failing to object to the calculation of Defendant's criminal history points, as Defendant believes his criminal history was "incorrectly determined." *Id.* at 12.

As noted by the Government, the sentencing guidelines offense level was derived from the statutory penalty associated with the offense to which Defendant pleaded guilty. In other words, based upon his prior convictions, Defendant entered a plea of guilty to an offense which provided for a statutory penalty of life imprisonment. Pursuant to *United States v. Pillow*, 191 F.3d 403, 407 (4th Cir. 1999), when a statutory mandatory minimum sentence exceeds the applicable guideline range, and the defendant is given a downward departure, the appropriate baseline from which the court is to depart is the statutory mandatory minimum. Accordingly, when the applicable guideline range is below the statutory mandatory minimum, the mandatory minimum replaces the guideline range, U.S.S.G. § 5G1.1.1(b), which the court no longer considers in sentencing the defendant. *See, e.g.*, *United States v. Cordero*, 313 F.3d 161, 165 (3d Cir. 2002). In this regard, therefore, counsel was correct that the weight of drugs attributed to Defendant in his PSR beyond the amounts to which he admitted during his Rule 11 hearing was irrelevant.[15]

---

[15]Defendant also argues an alleged error in the calculation of his criminal history resulted in prejudice because his criminal history was "taken into consideration" at sentencing. ECF No. 450-1 at 16. Defendant's argument is without merit. If the two points to which he refers had not been

Defendant's statement that information in his PSR was gleaned from his proffer interview is rejected,[16] as the PSR clearly indicates that any information on Defendant's activities which was obtained after his proffer interviews was only included in the PSR if it came from another source. *See* PSR at ¶ 31 ("It is noted that [another defendant] was debriefed after the [D]efendant provided a proffer statement . . . ; therefore, the probation officer has only used information from [the other defendant's] proffer statement which the [D]efendant did not discuss in his proffer interview.")

Defendant presents a variety of "facts" which he contends prejudiced him in certain relevant conduct information in his PSR. Yet Defendant cannot escape the fact that at his Rule 11 hearing he admitted his involvement, under oath, in an offense the penalty for which was life in prison. Defendant's testimony at the plea hearing established his competency. Defendant testified that he had ample opportunity to discuss his case with plea counsel and that he was at that time satisfied with counsel's legal representation and had no complaints. Defendant testified that he understood that by pleading guilty he was waiving certain constitutionally guaranteed rights. Defendant also acknowledged the Government would have to prove and could prove the charges upon which the grand jury indicted him. When the court informed Defendant as to the possible maximum statutory

---

added to the calculation of his criminal history, he cannot show that the resulting "error" would have resulted in a sentence lower than the sentence he received. If Defendant had a criminal history III instead of criminal history IV, the guideline range from which the court departed (based upon the Government's motion under § 5K1.1) would have been 40 instead of 39, as a offense level 40 is the first offense level in criminal history category III which contains a potential life sentence (360-life).

[16]Defendant contends that the PSR "reflected Crack-Cocaine amounts of 1.61 kilograms [and] these amounts were not part of the instant conspiracy and was information that was provided by [Defendant]. Likewise, the [PSR] reflected heroin amounts of 283.5 grams [and] these amounts were not part of the conspiracy for which [Defendant] was indicted and was information provided by [Defendant] in connection with case." ECF No. 450-1 at 11. However, the calculation of the amount and type of drugs in Defendant's PSR did not include any heroin, and the amount of "crack" cocaine for which Defendant was held responsible was 1.59 kilograms. The court is unclear to what information Defendant is referring.

sentence to which he would be exposed relating to the charge to which he was pleading guilty, Defendant had no questions. Defendant stated that no unwritten promises or predictions had induced him to plead guilty, and he then acknowledged his guilt. The court found Defendant was "competent and capable of entering an informed plea of guilty," that Defendant was aware of the nature of the charge and consequences of pleading guilty, and that he had entered a knowing and voluntary plea supported by an independent basis in fact that contained each of the essential elements of the offense to which he was pleading guilty. Change of Plea Tr. at 41 (ECF No. 460). The court then found Defendant guilty of the offense to which he pleaded guilty.

Morever, Defendant admitted his guilt in correspondence to the court before he was sentenced. In a letter dated February 7, 2012, Defendant indicated that in January 2007 he "unknowingly got involved in the conspiracy of Kevin Johnson [ ] and [Lloyd] Bennett . . . . I began purchasing drugs and sold them separated [sic] from them . . . . These drug purchases from Johnson were from 2/2007 – 11/2008." Letter to the Court dated February 7, 2012 at 5 (ECF No. 290, filed Feb. 13, 2013).

The sworn statements Defendant made during his plea colloquy bar his subsequent contentions to the contrary. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, (1977). "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). *See also Crawford v. United States,* 519 F.2d 347, 350 (4th Cir. 1975) ( "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation

why this should not be so." ), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc). Defendant produces no evidence, nor does he even allege, that his counsel would have had any reason to believe Defendant did not or could not understand the court's comprehensive Rule 11 proceeding, and Defendant fails to put forth any plausible reason why his statement of guilt at the Rule 11 hearing should not be accepted as true. In the absence of any evidence Defendant was incompetent or incapable of participating in the Rule 11 proceeding, Defendant cannot claim that he did not know the sentence he faced, after being advised by the court and affirming that he understood the elements of the offense charged, the potential sentence attaching to that charge, and the facts supporting the charge.

Accordingly, the Government is entitled to summary judgment on this claim for relief, and it is dismissed with prejudice.

**F. FAILURE TO MITIGATE FOR LOWER SENTENCE**

Defendant contends sentencing counsel was ineffective in failing to "mitigate for a lesser sentence . . . ." ECF No. 450-1 at 24. Defendant also argues the Government failed to reward him for certain substantial assistance he asserts he provided to local law enforcement authorities "and in providing information in several unsolved cold cases." *Id.* Defendant advances the argument that the Government operated in bad faith at sentencing when Rowell did not seek "any increased departure" based upon Defendant's cooperation with local law enforcement.

Defendant fails to establish the Government operated in bad faith or that counsel was ineffective at sentencing in this regard.[17] Essentially, Defendant asserts counsel should have argued more vociferously for a downward variance. However, the sentence imposed by the court was

[17]Defendant also contends the court erred "in failing to consider information factors contained in his sentencing memorandum relating to his substantial assistance to the local law enforcement authorities . . . ." ECF No. 450-1 at 27. This conclusory assertion is without merit.

sufficient, but not greater than necessary, to reward Defendant for the substantial assistance he had provided the Government and to punish him for his role in the drug distribution conspiracy to which he pleaded guilty.

The Government is entitled to summary judgment on this claim for relief and it is dismissed with prejudice.

**G. Denial of Right to Counsel Based Upon Breakdown in Attorney-Client Communication**

Defendant's next claim for relief contends he was denied the right to counsel "because of an irreconcilable conflict between himself and attorney [I.S. Leevy] Johnson." ECF No. 450-1 at 28. Defendant contends Johnson's actions violated his (Defendant's) "right to conflict free representation." *Id*. Defendant maintains that absent the conflict, there is a reasonable probability that Defendant would "not have pled guilty and insisted on going to trial projecting [acquittal] utilizing the withdrawal defense." *Id*. at 29.

This ground for relief is without merit. A conflict between Johnson and Defendant developed and Johnson was relieved from representation of Defendant prior to sentencing. At that time, attorney Bradley Kirkland was appointed to represent Defendant. On May 8, 2012, Defendant appeared before this court and was given an opportunity to consult with Kirkland and determine whether he wished to withdraw his guilty plea and proceed to trial or to proceed to sentencing. Defendant thereafter chose not to withdraw his guilty plea and proceed with sentencing. Accordingly, Defendant's contention is without merit, and the Government is entitled to summary judgment.

**H. Amendment Filed June 27, 2013**

On June 27, 2013, prior to the Government responding to his original post-conviction motion, Defendant filed an amendment to his original § 2255 motion, contending counsel was

ineffective in failing to challenge "the legal effect of his prior convictions for the purpose of the statutory enhancement provision of 21 U.S.C. § 841(b)(1)(A)." Mot. at 3-4 (ECF No. 461). Defendant maintains that his 1997 state court conviction for trafficking "crack" cocaine was overturned because a state court found that his trial counsel had been ineffective.

Defendant's claim is without merit. Not only does he offer no proof of his assertion,[18] but a challenge to his conviction under 21 U.S.C. § 851(c) would have been untimely under § 851(e).

Accordingly, the Government is entitled to summary judgment on this claim and it is dismissed with prejudice.

**I. AMENDMENT FILED AUGUST 9, 2013**

On August 9, 2013, Defendant filed another amendment to his original motion. In this amendment, Defendant contends counsel was ineffective in failing to "investigate any further the testimony by Agent Greenan in reference to the 'government's only evidence against the defendant being hearsay statements,'" Mot. to Amend at 2-3 (ECF No. 466). Defendant argues counsel was ineffective in failing to "motion for a bill of particulars, [failing to file a] motion challenging sufficiency of the indictment and dismissal of the indictment on the ground of an alleged 'impairment' of the grand jury proceeding by reason of 'improper use of hearsay evidence before the grand jury.'" *Id*. at 3. Defendant also maintains sentencing counsel was ineffective in failing to object to drug quantities in the PSR and that this alleged ineffectiveness deprived Defendant "of the right to argue at sentencing that he distributed less than [the statutory] threshold quantities." *Id*. at 9.

For the reasons noted by the Government in its response, which the court finds to be correct

[18]Attached to his "Motion to Supplement" received October 23, 2013, are copies of briefs in a state court PCR action which contend he received ineffective assistance of counsel. This is not proof of the invalidity of his conviction.

and adopts as its findings, Defendant's claims contained in this motion to amend are without merit. Accordingly, the Government is entitled to summary judgment and this claim is dismissed with prejudice.

## IV. CONCLUSION

The Government's Motion for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*. Defendant's motion for discovery (ECF No. 467) is **moot**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 11, 2013