IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-2134-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Kevin Richardson, a/k/a "Kevin Bookman," | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks reconsideration of the Opinion and Order filed December 11, 2013, wherein the Government was granted summary judgment on Defendant's motion for relief filed pursuant to 28 U.S.C. § 2255. On March 7, 2014, this court ordered the Government to respond to Defendant's motion. On March 17, 2014, the Government responded in opposition to Defendant's motion. On April 1, 2014, Defendant filed a reply to the Government's response.

Defendant's motion is filed pursuant to Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant presents several points wherein he contends the court committed "clear errors of

1

law" in its analysis of his claims for relief under 28 U.S.C. § 2255. Specifically, Defendant contends the court erred in its analysis of the following claims:

"A. Failure to Investigate/Properly Advise";

"B. Rejection of a More Favorable Plea Offer";

"C. Ineffective Counsel at Sentencing";

"D. Misadvice and Failure to File Notice of Appeal";

"E. Failure to Object/Breach of Plea Agreement";

"F. Failure to Mitigate for a Lower Sentence"; and

"G. Conflict of Interest/Breakdown in Communication."

Most of Defendant's arguments are the attempt of this unhappy litigant to reargue points that were rejected in the court's December 11, 2013 Opinion and Order. Accordingly, for the reasons in the court's December Opinion and Order and for the reasons articulated by the Government in its response to the Defendant's motion for reconsideration, which this court finds to be correct and adopts as its additional findings, this court rejects Defendant's Arguments regarding "Failure to Investigate/Properly Advise"; "Ineffective Counsel at Sentencing"; "Misadvice and Failure to File Notice of Appeal"; "Failure to Object/Breach of Plea Agreement"; "Failure to Mitigate for a Lower Sentence"; and "Conflict of Interest/Breakdown of Communication."

### "REJECTION OF A MORE FAVORABLE PLEA AGREEMENT"

Defendant continues to maintain that a "more favorable" plea agreement was offered to him by the Government. As discussed in the Opinion and Order filed December 11, 2013, the Assistant United States Attorney who prosecuted this case and Defendant's counsel, I.S. Leevy Johnson, both submitted affidavits in support of the Government's summary judgment motion which attest that no other plea agreement was offered other than the plea agreement to which Defended pleaded guilty.

Defendant's affidavit, presented in support of his initial § 2255 motion, takes the opposite position. Defendant attests that the "more favorable" plea offer was presented, and that based upon Johnson's alleged ineffectiveness, "I rejected and delayed my acceptance of the Government's offer." Aff. of Kevin Richardson at 1, ECF No. 450-2 at 2.

However, nowhere in Defendant's § 2255 motion, affidavit in support thereof, response in opposition to the Government's motion for summary judgment, motion for reconsideration, or reply to the Government's opposition to his reconsideration motion does Defendant attest that he would have accepted the allegedly "better" plea offer.[1] Indeed, he expends a great deal of energy in his § 2255 motion and again in his motion for reconsideration strenuously arguing that he withdrew from the conspiracy and that the Government did not have enough evidence to convict him of conspiracy.

Therefore, for this additional reason, Defendant's argument regarding the "more favorable plea offer" is rejected.

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 14, 2014

---

[1] Moreover, Defendant's Proffer Agreement, signed by Defendant on December 7, 2011, clearly states that "[b]y receiving [Defendant's] proffer, the Government does not agree . . . *to enter into a cooperation agreement, plea agreement, immunity or non-prosecution agreement.*" Attachment to Gov't Mem. in Support of Summ. J., ECF No. 475-2 at 7 (emphasis added). It is not believable that the Government would present – and Defendant would sign – a Proffer Letter specifically disavowing any promises regarding a potential plea agreement if he had already been offered a plea agreement.